UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION – LONDON

| | |
|---|---|
| **ROBERTA LAWSON,** | CIVIL ACTION NO. 6:15-03-KKC |
|     Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **STANLEY MINNICK,**<br>**ROSEDALE TRANSPORT, INC., and**<br>**STATE FARM MUTUAL AUTOMOBILE**<br>**INSURANCE COMPANY,** | |
|     Defendant. | |

This matter is before the Court on various motions filed by the defendants.

## I. Background

In September 2010, the defendant Stanley Minnick was driving a vehicle owned by his employer Rosedale Transport, Inc. and collided with a vehicle that the plaintiff Roberta Lawson was driving. At the time of the collision, Lawson was insured under an automotive insurance policy issued by defendant State Farm Mutual Automobile Insurance Company.

With this action, Lawson asserts claims against Minnick and Rosedale, arguing that their negligence caused her injuries. She also asserts a claim against State Farm, arguing that, pursuant to her underinsured motorist coverage, State Farm is liable for any amounts awarded to her that are above the amount of the liability insurance coverage available to Minnick and Rosedale. She also asserts that State Farm is liable under "personal injury protection coverage" and "medical payments coverage."

Lawson asserts a claim for past and future medical expenses, pain and suffering, and lost wages.

## I. Motions for Summary Judgment (DE 27, 30)

The defendants have all moved for summary judgment on all claims against them. (DE 27, 30). With their motions for summary judgment, the defendants argue that Lawson's claims must be dismissed because she did not disclose any expert report by the deadline established in the Court's scheduling order. They cite Kentucky law providing that expert or medical testimony is usually required to establish that

an incident caused a plaintiff's medical injury. *See Tatham v. Palmer,* 439 S.W.2d 938, 939 (Ky. 1969); *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 657 (E.D. Ky. 2013) (quoting *Lacefield v. LG Electronics, Inc.*, No. 3:06–12–KKC, 2008 WL 544472 at *3 (E.D.Ky.2008)).

The Court's Scheduling Order provides that "Rule 26(a)(2) reports from expert trial witnesses are due. . . [f]rom Plaintiff by November 30, 2015[.]" (DE 10, Scheduling Order.) Under rule 26(a)(2), reports are due only with regard to a certain kind of expert, i.e., "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). There is no dispute that Lawson did not retain any experts in this matter. Accordingly, she was not required to file any "reports" under Rule 26(a)(2).

Lawson states that she intends to prove causation through her treating physicians: Dr. Ronald Dubin at the Kentucky Orthopedic Clinic and Dr. Magdy El-Kalliny of Lake Cumberland Neurological Clinic, P.S.C. These are not retained experts and they are not employed by Lawson. With regard to non-retained/non-employee experts like Drs. Dubin and El-Kalliny, Federal Rule of Civil Procedure 26(a)(2)(C) provides that their disclosure need not include a report but must state the subject matter on which the witness will give expert testimony and provide a summary of the facts and opinions the witness is expected to present.

As to the timing of these disclosures, the rule provides that, "[a]bsent a stipulation or a court order, the disclosures must be made. . . at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26(a)(2)(D). The Court's scheduling order sets a deadline for the disclosure of expert *reports* but it inadvertently does not set a deadline for disclosure of non-retained expert witnesses. Accordingly, the deadline set forth in the rule applies. The rule requires that parties disclose non-retained experts 90 days before the trial date. This matter is set for trial on August 1, 2016. The plaintiff disclosed Drs. Dubin and El-Kalliny on March 15, 2016 and provided a summary of the facts and opinions they are expected to present. (DE 31, Disclosures.) Accordingly, Lawson's disclosure of Drs. Dubin and El-Kalliny was timely.

The problem is that the Court's Scheduling Order establishes a February 29, 2016 deadline for the completion of all expert discovery. Because the plaintiff did not make its expert disclosures until March 15, 2016, the defendants must be afforded additional time to conduct expert discovery. Accordingly, at the telephonic pretrial conference, the Court will discuss a new deadline for the completion of all expert discovery.

In their motion, the defendants argue that the plaintiff's claim must be dismissed because she must present expert testimony regarding causation.  According to her disclosure, Drs. Dubin and El-Kalliny will testify that her injuries were caused by the accident. The defendants also argue that the plaintiff cannot succeed on a claim for future lost wages because she can present no testimony that her injuries are permanent. In her expert disclosures, however, Lawson indicates that Dr. Dubin will testify that her condition is permanent. Thus, the defendants' motions for summary judgment must be denied.

**II.     State Farm's Motion for Partial Summary Judgment (DE 18)**

State Farm also moves to dismiss any claim against it under any alleged underinsured motorist coverage. It argues that Lawson's policy contains no such coverage.  Lawson has filed no response. Accordingly, this motion will be granted.

**III.    State Farm's Motion to Intervene (DE 41)**

State Farm moves to intervene in this matter. It seems to be asserting a right to intervene under Federal Rule of Civil Procedure 24(a)(2).  State Farm, however, is a defendant in this matter. Thus, it need not move to intervene; it is already in this action. With its tendered Intervening Complaint, it asserts that it has paid on Lawson's behalf $45,615.07 in basic reparation benefits. It seeks to recover that amount from Minnick and Rosedale, who are also defendants in this matter. A claim by one party against a co-party should be asserted by a crossclaim under Federal Rule of Civil Procedure 13(g), not in an intervening complaint. Accordingly, State Farm's motion to intervene will be denied.  Because there was no objection to its motion to intervene, the Court will grant State Farm leave to file a crossclaim within seven days of the entry date of this order.

## IV. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) the motions for summary judgment filed by Stanley Minnick, Rosedale Transport, Inc. and State Farm Mutual Insurance Company (DE 27, 30) are DENIED;

2) the motion for partial summary judgment filed by State Farm (DE 18) is GRANTED and Lawson's claim that State Farm is liable under any underinsured motorist coverage is DISMSSED;

3) State Farm's motion to intervene (DE 41) is DENIED; and

4) State Farm is GRANTED leave to file a crossclaim against co-defendants Minnick and Rosedale. Any such crossclaim must be filed **within seven days of the entry date of this order**.

Dated June 17, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY